*Lawson v. Halpern-Reiss*, 406-7-16 Wncv (Teachout, J., Apr. 30, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                                 **CIVIL DIVISION**
**Washington Unit**                                                              **Docket No. 406-7-16 Wncv**

**ELIZABETH LAWSON**
   **Plaintiff**

   **v.**

**PATRICIA HALPERN-REISS and**
**CENTRAL VERMONT MEDICAL CENTER**
   **Defendants**

### DECISION
### CVMC's Motion for Summary Judgment

Plaintiff Elizabeth Lawson claims that an emergency room nurse at Defendant Central Vermont Medical Center (CVMC), Ms. Patricia Halpern-Reiss, wrongfully disclosed her confidential health information without permission to a police officer, causing her to be arrested for driving while intoxicated and suffering the civil suspension of her driver's license. In count 1, she claims negligence against Ms. Halpern-Reiss. In count 2, she claims that CVMC failed to have appropriate policies in place to protect against the alleged wrongful conduct, essentially a negligent supervision claim. She seeks compensatory and punitive damages. Ms. Halpern-Reiss has been dismissed from this case by stipulation of the parties.[1] CVMC has filed a motion for summary judgment arguing that (1) Ms. Halpern-Reiss did not breach any duty to Ms. Lawson, (2) Ms. Lawson has come forward with no expert testimony addressing the standard of care under Count 2, and (3) there is no basis for punitive damages.

The basic, material facts are undisputed. At around 2:00 a.m. on May 10, 2014, Ms. Lawson drove herself, alone, to the emergency room at CVMC seeking treatment for a serious cut to her wrist. During the course of her treatment, one of her nurses, Ms. Halpern-Reiss, smelled a strong odor of alcohol on her. Before discharge, Ms. Lawson was given an "alco sensor" breath test, which produced a reading well over twice the legal limit. At the time of discharge, shortly thereafter, Ms. Halpern-Reiss believed that Ms. Lawson might attempt to drive herself home in an inebriated state and that she did not have anyone else present to provide a safe ride home. Ms. Halpern-Reiss advised an onsite police officer of Ms. Lawson's intoxication and lack of a safe ride home. This led to her arrest and the other consequences of which she complains in this case.

---

[1] While Ms. Halpern-Reiss has been dismissed from this case, the stipulation does not expressly state that Count 1 has been withdrawn. Count 1 is asserted exclusively against Ms. Halpern-Reiss, so presumably the claim was dismissed along with Ms. Halpern-Reiss. However, the parties may have intended to preserve the claim as against CVMC on a *respondeat superior* theory. It is unnecessary to clarify the matter further. Ms. Halpern-Reiss's breach of a duty is a necessary predicate to the negligent supervision claim asserted against CVMC, so it must be addressed regardless whether it remains as a standalone claim as well. See 1 Modern Tort Law: Liability and Litigation § 7:21 (2d ed.) (In support of a negligent supervision claim against the employer, "there must be an underlying tort or wrongful act committed by the employee.").

Ms. Lawson claims that Ms. Halpern-Reiss's disclosure to the police officer violated the patient's privilege, 12 V.S.A. § 1612. As the Vermont Supreme Court has made clear, however, this "statute codifies an evidentiary privilege, thus limiting its application to judicial proceedings." *Kuligoski v. Brattleboro Retreat*, 2016 VT 54A, ¶ 60, 203 Vt. 328. The disclosure at issue in this case was not subject to § 1612, which has no immediate bearing on the underlying events of this case.

Otherwise, Ms. Lawson points to no Vermont authority in support of any greater rule of confidentiality than exists in applicable provisions of the federal Health Insurance Portability and Accountability Act (HIPAA). See 45 C.F.R. § 160.203(b) (HIPAA's privacy protections preempt state law unless state law more protective); see also 18 V.S.A. § 1881(b) (effective Oct. 1, 2016) ("A covered entity shall not disclose protected health information unless the disclosure is permitted under [HIPAA].").

HIPAA permits the disclosure of a person's protected health information without that person's permission for health and safety purposes as follows:

> (1) Permitted disclosures. A covered entity may, consistent with applicable law and standards of ethical conduct, use or disclose protected health information, if the covered entity, in good faith, believes the use or disclosure:
> > (i)(A) Is necessary to prevent or lessen a serious and imminent threat to the health or safety of a person or the public; and
> > (B) Is to a person or persons reasonably able to prevent or lessen the threat, including the target of the threat.

45 C.F.R. § 164.512(j). Subsection (j)(4) further provides: "A covered entity that uses or discloses protected health information pursuant to paragraph (j)(1) of this section is presumed to have acted in good faith with regard to a belief described in paragraph (j)(1)(i) or (ii) of this section, if the belief is based upon the covered entity's actual knowledge or in reliance on a credible representation by a person with apparent knowledge or authority."

Ms. Halpern-Reiss is entitled to the presumption that she acted in good faith when she disclosed Ms. Lawson's protected health information to the onsite police officer. Ms. Lawson was being discharged and CVMC had no basis for admitting her or otherwise restraining her. Ms. Halpern-Reiss had direct knowledge that Ms. Lawson's breath test had produced a very high result. She knew that Ms. Lawson had driven herself to CVMC unaccompanied by anyone else and she had no reason to think that anyone else was available to drive her home. In those circumstances, she alerted the onsite police officer to Ms. Lawson's intoxication and lack of ride home. The onsite police officer had the ability to safely drive Ms. Lawson home or otherwise prevent her from driving in an intoxicated state. There is no record basis for any reasonable inference that Ms. Halpern-Reiss's disclosure to the onsite police officer was for law enforcement purposes or any other reason than out of a good faith concern for Ms. Lawson's and the traveling public's safety.

This determination resolves both counts 1 and 2 in CVMC's favor. The court notes, however, that Ms. Lawson also has come forward with no expert support for what policies or training she believes CVMC should have in place but did not on the subject matter of health information disclosures in these circumstances. Such matters are not within the ordinary knowledge of laypersons and thus require expert support. See *Taylor v. Fletcher Allen Health Care*, 2012 VT 86, ¶¶ 10–11, 192 Vt. 418.

Punitive damages is a form of relief, not a claim in itself. Without any potential liability on Ms. Lawson's legal claims, there can be no basis for any punitive damages.

## ORDER

For the foregoing reasons, CVMC's Motion for Summary Judgment is *granted*.

Dated at Montpelier, Vermont this _____ day of May 2018.


_____
Mary Miles Teachout
Superior Judge